1832.

Hyer and others *vs.* Burdett and others.

HYER
*v.*
BURDETT.

In the absence of fraud, the next of kin cannot file a bill for account against surviving partners, one of whom is administrator to the deceased partner.

GARRIT Hyer, in his lifetime, took Alexander Bremner, Jacob Burdett and Benjamin E. Bremner into partnership. The latter person, afterwards, retired. Walter E. Hyer, subsequently, was a partner. Alexander Bremner died in the year one thousand eight hundred and twenty-five; and Dinah Bremner became his administratrix.

*April* 23, 1832.

*Practice. Partnership. Bill by next of kin. Parties.*

Upon Garrit Hyer's death, Walter E. Hyer took out letters of administration to his estate and effects.

The widow and children of Garrit Hyer now filed a bill against Walter E. Hyer and Jacob Burdett, as surviving partners, and Dinah Bremner, as administratrix of the late partner Alexander Bremner, for an account. It did not run against Walter E. Hyer as administrator: but was a bill for settlement of partnership matters. There was a charge of insolvency against Burdett, and an allegation of his keeping possession of the partnership books; but no direct statement of fraud or collusion.

The defendant, Jacob Burdett, put in a demurrer for want of equity. He supported it on two grounds: 1st. Because the complainants did not show any interest in the partnership funds or their being entitled to any thing upon a settlement, or that they would individually be damnified by the conduct of the defendant; 2d. On account of the complainants, as next of kin of Garrit Hyer, not being entitled to sustain the bill against the defendant Jacob Burdett.

It was submitted on written argument.

Mr. *John L. Mason*, for Jacob Burdett.

Mr. *William S. Sears*, for the complainants.

1832.

HYER
v.
BURDETT.

THE VICE-CHANCELLOR. The principal object of this suit is against the defendant Jacob Burdett. It proceeds, as to him, upon the grounds of his insolvency and a withholding of the copartnership books. But the bill does not charge fraud or collusion between him and his surviving partner. Although Jacob Burdett may be acting fraudulently and be keeping the books from his copartner, yet this gives no right to the widow and next of kin of Garrit Hyer. In such a case, it rests with Walter E. Hyer to file a bill. He has rights as a partner. And he has also the legal title to Garrit Hyer's share vested in him as administrator. Provided the bill had suggested a refusal on the part of Walter E. Hyer to file one, and that he was colluding with Jacob Burdett, then, I think, it might have been sustained. For these reasons and others which might be assigned, I consider the demurrer well taken.

Demurrer allowed, with costs.(*a*)

---

(*a*) The bill was afterwards allowed to be amended; but the amendments were first submitted to the court, and the counsel of the defendant, Jacob Burdett, was heard in opposition.